EXHIBIT A

Fawn F. Bekam (SBN 307312)
fawn@abramsonlabor.com
Jacquelyn Silva (SBN 342302)
jackie.silva@abramsonlabor.com
Desiree Ruiz Alfaro (SBN 351819)
desiree.ruizalfaro@abramsonlabor.com
**ABRAMSON LABOR GROUP**
1700 W Burbank Blvd
Burbank, CA 91506
Telephone: (213) 493-6300
Facsimile: (213) 336-3704

Attorneys for Plaintiff Margarita Coronel, individually, and on behalf of all others similarly situated

**ELECTRONICALLY FILED**
Superior Court of California
County of Sacramento
11/13/2025
By: _____ S. Decker _____ Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| MARGARITA CORONEL, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BEHAVIORAL HEALTH PRACTICE SERVICES LLC; LIFESTANCE HEALTH, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: **25CV027454**<br><br>**CLASS ACTION COMPLAINT:**<br><br>1. Failure to Pay Minimum, Regular, and Overtime Wages;<br>2. Failure to Provide Meal Periods;<br>3. Failure to Permit Rest Periods;<br>4. Failure to Provide Accurate Itemized Wage Statements;<br>5. Failure to Pay All Wages Due During Employment and Upon Separation of Employment; and<br>6. Unfair and Unlawful Business Practices.<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

Plaintiff Margarita Coronel ("Plaintiff"), individually and on behalf of all others similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff brings this putative class action against defendants Behavioral Health Practice Services LLC, Lifestance Health, Inc. and DOES 1 through 50, inclusive (collectively, "Defendants"), on Plaintiff's own behalf and on behalf of a class of individuals who are and were employed by Defendants as non-exempt or hourly-paid employees throughout California.

2. Plaintiff alleges that Defendants engaged in a pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair competition.

3. Plaintiff is informed and believes, and thereon alleges, that Defendants have increased their profits by violating state wage and hour laws by, among other things:

    (a) failing to pay all minimum, regular, and overtime wages;

    (b) failing to provide meal periods or pay meal period premiums;

    (c) failing to authorize or permit rest periods or pay rest period premiums;

    (d) failing to provide accurate itemized wage statements; and

    (e) failing to pay all wages due during employment and upon separation of employment.

4. Plaintiff seeks monetary relief against Defendants on behalf of herself and all other similarly situated in California to recover, among other things, unpaid wages, statutory penalties, benefits, interest, attorneys' fees, costs and expenses, and penalties pursuant to Labor Code §§ 201, 202, 203, 210, 226, 226.7, 510, 512, 1194, 1194.2, 1197, 1198, and Code of California Civil Procedure § 1021.5.

## JURISDICTION AND VENUE

5. This is a class action brought pursuant to Code of Civil Procedure § 382.

6. The monetary damages, restitution, penalties, and other legal and equitable relief sought by Plaintiff exceed the minimal jurisdictional limits of this Court and will be established according to proof at trial.

7. This Court has jurisdiction over this action pursuant to Article VI, § 10 of the California Constitution, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

8. This Court has jurisdiction over all Defendants because, upon information and belief, Defendants are citizens of California, have sufficient minimum contacts in California, and/or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

9. Venue is proper in this court because Defendants maintain offices, have agents, employ individuals, and/or transact business in this county.

## THE PARTIES

10. Plaintiff is a California resident and was employed by Defendants in North Highlands, California as a non-exempt credential coordinator from approximately September 2021 to approximately June 2025.

11. Defendants were and are subject to the Labor Code and IWC Wage Orders as employers whose employees were and are engaged to work throughout this county and the State of California.

12. Plaintiff is unaware of the true names or capacities of the Defendant sued herein under the fictious names DOES 1 through 50 but will amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

13. Plaintiff is informed and believes and thereon alleges that each and all of the acts and omissions alleged herein were performed by, or are attributable, to each Defendant acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf.

14. Plaintiff is informed and believes and thereon alleges that during the relevant time period, DOES 1 through 50 were the employers of Plaintiff and the other members of the class

within the meaning of all applicable state laws and statutes. Plaintiff is informed and believes and thereon alleges that DOES 1 through 50 directly or indirectly controlled or affected the working conditions, working hours, and conditions of employment of Plaintiff and the other members of the class so as to make each Defendant an employer liable under the statutory provision set forth herein.

15. Plaintiff is informed and believes and thereon alleges that DOES 1 through 50 had the authority to hire and terminate Plaintiff and the other members of the class, to set work rules and conditions governing Plaintiff and the other members of the class's employment, and to supervise their daily employment activities.

16. Plaintiff is informed and believes and thereon alleges that DOES 1 through 50 exercise sufficient authority over the terms and conditions of Plaintiff's and the other members of the class's employment for them to be joint employers of Plaintiff and the other members of the class.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action under Code of Civil Procedure § 382 on Plaintiff's own behalf and on behalf of all others similarly situated who were affected by Defendants' Labor Code, Business and Professions Code, and IWC Wage Order Violations.

18. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

19. Plaintiff's proposed class consists of and is defined as follows:

> All individuals currently or formerly employed by Defendants as non-exempt or hourly-paid employees in the State of California at any time between four years prior to the filing of this action and the date of class certification ("Class").

20. Members of the Class described above will be collectively referred to as "Class Members."

21. Plaintiff reserves the right to modify or re-define the Class, establish subclasses, or modify or re-define any class definition as appropriate based on investigation, discovery, and specific theories of liability.

22. There are common questions of law and fact as to the Class Members that predominate over any questions affecting only individual members including, but not limited to the following:

(a) Whether Defendants failed to pay Plaintiff and Class Members all wages (including minimum wages and overtime wages) for all hours worked by Plaintiff and Class Members.

(b) Whether Defendants failed to provide Plaintiff and Class Members with 30-minute, uninterrupted, duty-free meal periods for every 5 hours worked;

(c) Whether Defendants failed to pay meal period premiums at the regular rate of pay when Plaintiff and Class Members were not provided with timely, 30-minute, uninterrupted, duty-free meal periods for every 5 hours worked;

(d) Whether Defendants failed to permit Plaintiff and Class Members to take 10-minute, uninterrupted, duty-free rest periods for every 4 hours worked or major fraction thereof;

(e) Whether Defendants failed to pay rest period premiums at the regular rate of pay when Plaintiff and Class Members were not permitted to take 10-minute, uninterrupted, duty-free rest periods for every 4 hours worked or major fraction thereof;

(f) Whether Defendants failed to provide Plaintiff and Class Members accurate itemized wage statements.

(g) Whether Defendants failed to pay wages timely to Plaintiff and Class Members during employment;

(h) Whether Defendants failed to pay Plaintiff and Class Members all wages timely upon termination of employment.

(i) Whether Defendants' conduct was willful, reckless, intentional, and/or knowing; and

(j) Whether Defendants engaged in unfair business practices in violation of Business and Professions Code § 17200, et seq.

23. There is a well-defined community of interest in this litigation and the proposed Class and subclasses are readily ascertainable:

(a) Numerosity: The Class Members are so numerous that joinder of all members is impractical. Although the members of the Class are unknown to Plaintiff at this time, on information and belief, the Class is estimated to be greater than 100 individuals. The identities of the Class Members are readily ascertainable by inspection of Defendants' employment and payroll records.

(b) Typicality: Plaintiff's claims (or defenses, if any) are typical of the claims (or defenses, if any) of the Class Members because Defendants' failure to comply with the provisions of California's wage and hour laws entitled each Class Member to similar pay, benefits, and other relief. The injuries sustained by Plaintiff are also typical of the injuries sustained by the Class Members, because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

(c) Adequacy: Plaintiff will fairly and adequately represent and protect the interests of all Class Members because it is in Plaintiff's best interest to prosecute the claims alleged herein to obtain full compensation and penalties due. Plaintiff's attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of the Class Members.

(d) Superiority: The nature of this action makes use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, and expense as compared with separate lawsuits and will avoid inconsistent outcomes because the same issues can be adjudicated in the

same manner for the entire Class at the same time. If appropriate, this Court can, and is empowered to, fashion methods to efficiently manage this case as a class action.

## GENERAL ALLEGATIONS

24. During the relevant time period, Defendants employed Plaintiff and Class Members as non-exempt or hourly-paid employees throughout California at Defendants' California business location(s).

25. During the relevant time period, Defendants knew that Plaintiff and Class Members were entitled to compensation for all hours worked. However, Defendants failed to pay Plaintiff and Class Members at least the minimum wage and overtime wage for all hours worked due to Defendants' policy and practice of failing to pay Plaintiff and Class Members for time spent booting up and logging into Defendants' system before being able to clock in. Additionally, Defendants failed to include nondiscretionary bonuses in Plaintiff's and Class Members' regular rate of pay. As a result, Defendants failed to pay Plaintiff and Class Members for all minimum, regular, and overtime wages in violation of the Labor Code and applicable IWC Wage Order.

26. During the relevant time period, Defendants knew that Plaintiff and Class Members were entitled to receive 30-minute, uninterrupted, duty-free meal periods for every 5 hours worked or payment of meal period premiums at their regular rate of pay in lieu thereof. However, Defendants failed to provide Plaintiff and Class Members with 30-minute, uninterrupted, duty-free meal periods for every 5 hours worked and failed to pay meal period premiums at their regular rate of pay in lieu thereof in violation of the Labor Code and applicable IWC Wage Order.

27. During the relevant time period, Defendants knew that Plaintiff and Class Members were entitled to receive 10-minute, duty-free rest periods for every 4 hours worked or major fraction thereof or payment of rest period premiums at their regular rate of pay in lieu thereof. However, Defendants failed to permit Plaintiff and Class Members to take 10-minute, uninterrupted, duty-free rest periods for every 4 hours worked or major fraction thereof and failed to pay rest period premiums at their regular rate of pay in lieu thereof in violation of the Labor Code and applicable IWC Wage Order.

28. During the relevant time period, Defendants knew that Plaintiff and Class Members were entitled to itemized wage statements that accurately showed, *inter alia*, gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate. However, due to Defendants' failure to record and pay for all time worked and Defendants' failure to provide meal and rest periods or meal and rest period premiums in lieu thereof, Defendants failed to provide accurate itemized wage statements in violation of the Labor Code.

29. During the relevant time period, Defendants knew that Plaintiff and Class Members were entitled to timely payment of wages due during employment and upon separation of employment. In violation of the Labor Code, Plaintiff and Class Members did not receive payment of all wages within the required time periods.

30. During the relevant time period, Defendants knew they had a duty to compensate Plaintiff and Class Members, and Defendants had the financial ability to pay such compensation but willfully, knowingly, and/or intentionally failed to do so in order to increase Defendants' profits.

31. Therefore, Plaintiff brings this lawsuit seeking monetary and injunctive relief against Defendants on Plaintiff's own behalf and on behalf of all Class Members to recover, among other things, unpaid wages (including minimum, regular, and overtime wages), unpaid meal period premium payments, unpaid rest period premium payments, unlawfully deducted wages, interest, attorneys' fees, penalties, costs, and expenses.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY MINIMUM, REGULAR, AND OVERTIME WAGES

(Violation of Labor Code §§ 510, 1194, 1194.2, 1197, & 1198; Violation of IWC Wage Order §§ 3, 4, and 5)

32. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

///

///

33. During the relevant time period, Defendants were required to compensate Plaintiff and Class Members for all hours worked pursuant to Labor Code §§ 200, *et seq.*, 510, 1182.12, 1194, 1194.2, 1197, and 1198, and the applicable IWC Wage Order.

34. Labor Code § 510 provides that employees must be paid overtime compensation at 1 ½ times their regular rate of pay for hours worked in excess of 8 hours in a day, 40 hours in a week, and for the first 8 hours worked on the 7th day of work.

35. Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful

36. Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ individuals without compensating them at a rate of pay either 1 ½ times or 2 times the individual's regular rate of pay, depending on the number of hours worked by the individual on a daily or weekly basis.

37. Pursuant to Labor Code §§ 510 and 1194, Defendants were required to compensate Plaintiff and Class Members for all overtime hours worked, calculated at 1 ½ times their regular rate of pay for all hours worked in excess of 8 hours per workday, 40 hours per workweek, and for the first 8 hours on the 7th consecutive workday, and 2 times their regular rate of pay for all hours after 12 in a workday and for all hours over 8 worked on the 7th day of any workweek.

38. During the relevant time period, Defendants failed to pay Plaintiff and Class Members all wages owed when Defendants did not pay for all hours worked at the correct rate of pay.

39. In violation of the Labor Code, Defendants knowingly and willfully refused to perform their obligations and compensate Plaintiff and Class Members for all wages earned and all hours worked, including work performed in workweeks in which they did not qualify for any overtime compensation.

40. During the relevant time period, Defendants regularly failed to pay all wages to Plaintiff and Class Members for all hours worked in violation of the Labor Code and the applicable IWC Wage Order.

41.     Defendants' failure to pay Plaintiff and Class Members overtime and double-time compensation violates Labor Code §§ 510 and 1198.

42.     As a direct and proximate result of Defendants' failure to pay Plaintiff and Class Members the required wages, Plaintiff and Class Members are entitled to recover the unpaid balance of their wages, including minimum, regular, and overtime wages, as well as interest, costs, and attorneys' fees.

43.     Pursuant to Labor Code § 1194.2, Plaintiff and Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

(Violation of Labor Code §§ 226.7 & 512; Violation of IWC Wage Order § 11)

44.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though forth herein.

45.     Labor Code § 226.7 prohibits employers from requiring an employee to work during any meal period mandated by the IWC Wage Orders.

46.     Section 11 of the applicable IWC Wage Order provides, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

47.     Labor Code § 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than 5 hours per day without providing the employee with an uninterrupted meal period of not less than 30 minutes, except that if the total work period per day of the employee is not more than 6 hours, the meal period may be waived by mutual consent of both the employer and the employee.

48.     Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours,

the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

49. During the relevant time period, Plaintiff and Class Members did not receive compliant meal periods for every 5 hours worked because their meal periods were missed, late, short, interrupted, and/or they were not permitted to take a second meal period.

50. Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require an employer to pay an employee an additional hour of pay at the employee's regular rate of pay for each workday that a compliant meal period is not provided.

51. During the relevant time period, Defendants failed to pay Plaintiff and Class Members meal period premiums for missed, late, and/or short meal periods pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

52. As a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a compliant meal period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

## THIRD CAUSE OF ACTION

## FAILURE TO PERMIT REST PERIODS

(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)

53. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

54. Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

55. Section 12 of the applicable IWC Wage Order states "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period[,]" and the "[a]uthorized rest period time shall be based on the total hours worked daily at the rate of 10 minutes net rest time per 4 hours or major fraction thereof[,]" unless the total time worked is less than 3 ½ hours.

///

///

56. During the relevant time period, Plaintiff and Class Members did not receive a 10-minute rest period for every 4 hours or major fraction thereof worked because they were required to work through their rest periods and/or were not authorized to take their rest periods.

57. Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee an additional hour of pay at the employee's regular rate of compensation for each day that a compliant rest period is not provided.

58. During the relevant time period, Defendants failed to pay Plaintiff and Class Members rest period premiums for missed, late, and/or interrupted rest periods pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

59. As a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a compliant rest period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

(Violation of Labor Code § 226)

60. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

61. Labor Code § 226(a) requires Defendants to provide each employee with an accurate wage statement in writing showing nine pieces of information, including, the following: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

62. During the relevant time period, Defendants have knowingly and intentionally failed

to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and Class Members. The deficiencies include, among other things, the failure to correctly state the gross and net wages earned, total hours worked, all applicable hourly rates in effect, and the number of hours worked at each hourly rate by Plaintiff and Class Members.

63. As a result of Defendants' knowing and intentional failure to comply with Labor Code § 226(a), Plaintiff and Class Members have suffered injury and damage to their statutory rights. Plaintiff and Class Members are deemed to suffer an injury pursuant to Labor Code § 226(e) where, as here, Defendants intentionally violated Labor Code § 226(a). Plaintiff and Class Members were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under Labor Code § 226(a). In addition, because Defendants failed to provide accurate rates of pay on wage statements, Defendants prevented Plaintiff and Class Members from determining if all hours worked were paid at the appropriate rate and the extent of the underpayment, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate hours worked, wages earned, and rates of pay. This has also delayed Plaintiff's ability to demand and recover underpayment of wages from Defendants.

64. Plaintiff and Class Members are entitled to recover from Defendants the greater of all actual damages caused by Defendants' failure to comply with Labor Code § 226(a) or $50.00 for the initial pay period in which a violation occurred and $100.00 per employee for each violation in subsequent pay periods in an amount not exceeding $4,000.00 per employee, plus attorneys' fees and costs.

65. Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and Class Members from knowing, understanding, and disputing the wages paid to them and resulted in a unjustified economic enrichment to Defendants. As a result of Defendants' knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and Class Members have suffered an injury, in the exact amount of damages and/or penalties to be shown according to proof at trial.

///

## FIFTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES DUE DURING EMPLOYMENT AND UPON SEPARATION OF EMPLOYMENT

(Violation of Labor Code §§ 201, 202, 203, 204, & 210)

66. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

67. Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of an intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

68. Labor Code § 203 provides that if an employer willfully fails to pay wages in accordance with Labor Code §§ 201 and 202 to any employee who is discharged or quit, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced, but not for more than 30 days.

69. Labor Code § 204 provides that employees must be paid within a certain number of days of the close of the pay period. Labor Code § 210 provides that any employer who fails to pay in accordance with the deadlines set forth in Labor Code § 204 shall be subject to a penalty in the amount of $100 for each failure to pay each employee and $200 plus 25% of the amount unlawfully withheld for each subsequent violation or any willful or intentional violation.

70. During the relevant time period, Defendants failed to timely pay Plaintiff and Class Members wages earned during the pay period within the required time limits.

71. During the relevant time period, Defendants willfully failed to pay Plaintiff and Class Members their earned wages upon termination, either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

72. Defendants' failure to pay Plaintiff and Class Members all their earned wages within the required time limits during employment and at the time of discharge or within seventy-two (72)

hours of their leaving Defendants' employ is in violation of Labor Code §§ 201, 202, and 204.

73. Plaintiff and other Class Members are entitled to recover from Defendants the statutory penalties set forth in Labor Code §§ 203 and 210.

## SIXTH CAUSE OF ACTION

## UNFAIR AND UNLAWFUL BUSINESS PRACTICES

(Violation of Business and Professions Code §§ 17200, *et seq.*)

74. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

75. California Business and Professions Code §§ 17200, *et seq.* prohibits acts of unfair competition, which includes any "unlawful, unfair, or fraudulent business act or practice . . ."

76. A violation of California Business and Professions Code §§ 17200, *et seq.* may be predicated on a violation of any state or federal law. Defendants' policies and practices violated California law, causing Plaintiff and Class Members to suffer and continue to suffer injuries-in-fact.

77. Defendants' policies and practices violated state law in at least the following respects:

　(a)　Failing to pay minimum, regular, and overtime to Plaintiff and Class Members at the correct rate in violation of Labor Code §§ 510, 1194, 1194.2, 1197, & 1198;

　(b)　Failing to provide compliant meal periods without paying Plaintiff and Class Members meal period premiums for each day that lawful meal periods were not provided in violation of Labor Code §§ 226.7 and 512; and

　(c)　Failing to authorize and permit compliant rest breaks without paying Plaintiff and Class Members rest period premiums for each day that lawful rest periods were not authorized or permitted in violation of Labor Code § 226.7.

78. As alleged herein, Defendant engaged in unlawful conduct in violation of the California Labor Code and IWC Wage Orders, such as failing to pay minimum, regular, and overtime wages,

failing to provide meal periods and rest periods or meal and rest period premiums in lieu thereof, all in order to decrease their costs of doing business and increase their profits.

79. Plaintiff is informed and believes and thereon alleges that during the relevant time period, Defendants were knowledgeable concerning the wage and hour laws of California.

80. During the relevant time period, Defendants intentionally avoided paying Plaintiff and Class Members wages and monies owed, thereby creating an artificially lower cost of doing business in order to undercut Defendants' competitors and gain a greater foothold in the marketplace.

81. By violating the foregoing statutes and regulations as herein alleged, Defendants' acts constitute unfair and unlawful business practices under California Business and Professions Code §§ 17200, *et seq*.

82. As a result of the unfair and unlawful business practices of Defendants as alleged herein, Plaintiff and Class Members are entitled to injunctive relief, disgorgement, and restitution in an amount to be shown according to proof at trial.

83. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5. Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff, Class Members, and the general public. Based on Defendants' conduct as alleged herein, Plaintiff and Class Members are entitled to an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

**PRAYER FOR RELIEF**

On Plaintiff's own behalf and on behalf of all others similarly situated, Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows:

1. For certification under California Code of Civil Procedure § 382 of the proposed Class;
2. For appointment of Plaintiff as class representative;
3. For appointment of Abramson Labor Group as class counsel;
4. For compensatory damages in an amount according to proof at trial;
5. For an award of damages in the amount of unpaid compensation including, but not

limited to, unpaid wages, benefits, and penalties;

6. For economic and/or special damages in an amount according to proof at trial;

7. For liquidated damages pursuant to § 1194.2;

8. For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

9. For injunctive relief as provided by the California Labor Code and California Business and Professions Code §§17200, *et seq.*;

10. For restitution as provided by Business and professions Code §§ 17200, *et seq.*;

11. For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, thereof, constituting unfair competition under Business and Professions Code §§17200, *et seq.*;

12. For pre-judgment interest;

13. For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including, but not limited to, Code of Civil Procedure § 1021.5 and Labor Code §§ 226(e) and 1194; and

14. For such other relief as the Court deems just and proper.

Dated: November 13, 2025                **ABRAMSON LABOR GROUP**

By: _____
Fawn F. Bekam
Jacquelyn Silva
Desiree Ruiz Alfaro
Attorneys for Plaintiff Margarita Coronel

///
///
///
///
///

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: November 13, 2025

**ABRAMSON LABOR GROUP**

By: _____
Fawn F. Bekam
Jacquelyn Silva
Desiree Ruiz Alfaro
Attorneys for Plaintiff Margarita Coronel

17
CLASS ACTION COMPLAINT